## PASSMORE v. NIX. (No. 6999.)*

(Court of Civil Appeals of Texas. San Antonio. Oct. 10, 1923. Rehearing Denied Nov. 14, 1923.)

1. Pleading ☞189—"Office of demurrer."

The office of demurrer is to admit the facts as alleged, but to declare them insufficient on which to predicate a cause of action.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Demurrer.]

2. Principal and agent ☞81(5)—Agent to purchase held not entitled to commission.

Plaintiff, a broker, entered into a contract with defendant by which plaintiff agreed to divide commissions with defendant on any property defendant purchased through plaintiff's efforts as broker; plaintiff not to disclose that defendant was the prospective purchaser. Defendant directed plaintiff to make a certain offer on property, which the owner declined, and plaintiff was directed to do nothing further in the matter. Thereafter defendant purchased the property from the owner. Held, that' as plaintiff was not the agent of the owner, and the owner was not brought by plaintiff to defendant, plaintiff was simply an agent to procure the property at a definite price, and failing, his agency for defendant terminated.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by George Passmore against J. M. Nix. From a judgment dismissing the suit, plaintiff appeals. Affirmed.

J. D. Dodson, of San Antonio, for appellant.

Henry C. King, Jr., and Don A. Bliss, both of San Antonio, for appellee.

COBBS, J. Appellant sued appellee to recover damages for the breach of a contract and an implied agreement, which prevented appellant from consummating a sale of certain property, for which he would have been entitled to his commission, which would have been $3,750, less one-half thereof, which would belong to appellee under their agreement.

Appellant thus states his cause of action:

"Briefly stated, appellant pleaded for his cause of action that he was at all times stated in his petition a real estate broker in San Antonio, Tex., familiar with property values, and possessed of experience in the buying and selling thereof; that during said time the defendant was a real estate operator in the city of San Antonio, and was also engaged in the management and operation of a hotel in said city, by means of which he became acquainted with many persons interested in the purchase of property in said city. That defendant informed plaintiff of his advantage in forming the acquaintance of such prospective purchasers, and that he also expected to invest in said property, and proposed to the plaintiff that he, the defendant, would refer to plaintiff all prospective purchasers, and that any deals which plaintiff should consummate to such purchasers he should divide commissions received thereon with the defendant, and that any property which defendant would purchase through the efforts of plaintiff, as broker, that plaintiff should likewise divide the commissions received from such sales with defendant; and appellant alleged that there was an implied understanding or obligation as part of defendant's proposition, that in those cases where plaintiff was acting as broker in the negotiation of sales that the defendant would not so conduct himself as to

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction December 20, 1923.

prevent and defeat plaintiff of his right to commission against the seller; that the defendant expressly stipulated as part of the proposition that plaintiff should not disclose to the owner during negotiations that the defendant was the prospective purchaser; that plaintiff accepted such proposal, and both parties acted under said agreement; and that, while so acting, plaintiff, as the broker, and in response to the direction of defendant, submitted an offer for the purchase of certain property situated on St. Mary's street in San Antonio, Tex., at a price of $800 per front foot, and in compliance with the said direction of defendant that he did not disclose to the owner that the defendant was the prospective purchaser; that said offer was refused, and plaintiff was advised that an offer of $1,000 had been refused, and that he was asking $1,100 per foot, which plaintiff conveyed to defendant. Whereupon defendant told plaintiff to do nothing further, and shortly thereafter, without plaintiff's knowledge, defendant went direct to the owner, and purchased the property at $1,000 per foot without disclosing to the sellers that defendant was the purchaser of plaintiff, and thereby prevented plaintiff from fixing his right to collect his commission from the seller. That had the defendant not breached his implied agreement to not prevent plaintiff from consummating the sale, or had notified the seller that defendant was plaintiff's client, plaintiff would have collected his commission, which would have been $3,750, but one-half of which he would, under his agreement, have been obligated to pay to the defendant, and defendant by his conduct was enabled to purchase the property on the basis of net to seller with no commission to be paid.

"Plaintiff prayed for judgment for the amount of commissions which he would have collected had defendant not breached the implied obligation that he would not prevent plaintiff from collecting and securing his commission.

"Appellee urged a general exception to appellant's petition, and also two special exceptions, one of which special exceptions is to the effect that the facts set forth in appellant's petition did not raise an implied obligation on the part of appellee not to purchase the property himself without becoming liable to appellant for a commission or for damages; and the other special exception is to the effect that appellant's petition on its face showed that the contract for the breach of which appellant sues was that appellant and appellee were to divide commissions that were received by appellant on sales of real estate, and appellant fails to allege that he received any commission. All of said exceptions were sustained by the trial court; and, appellant having declined to amend, his suit was dismissed."

[1] Not setting out the assignments in hæc verba, we consider each and every one of them in the discussion of the case to determine as to whether the petition states a good cause of action. The law requires a petition to "consist of a statement, in logical and legal form of the facts constituting plaintiff's cause of action." The office of demurrer is to admit the facts as alleged, but to declare them insufficient on which to predicate a cause of action.

[2] A careful analysis of this cause of action is that appellant being a real estate dealer and appellee also being a hotel man and a real estate operator in the city of San Antonio, the latter became acquainted with many persons, and that he also expected to invest in property, thereby entered in an agreement with appellant, whereby appellee would refer to appellant all prospective purchasers, and that any deals which appellant should consummate to such purchasers he should divide commissions with appellee, and any property appellee would purchase through the efforts of appellant as a broker, appellant should likewise divide the commission received from such sales with appellee. Appellee expressly stipulated as a part of the agreement appellant should not disclose to the owner during the negotiations that appellee was the prospective purchaser, and he did not do so. Such being the agreement, appellant was directed to submit an offer to Larkin Smith for the purchase of certain property situated on St. Mary's street at a price of $800 per front foot, which the owner declined, but stated he was asking $1,100 per foot, and had refused an offer of $1,000 per front foot. Appellee being so informed by appellant, the latter was directed to do nothing further in the matter, and thereafter appellee sought the owner himself, and purchased the property direct from the owner at the sum of $1,000 per front foot. Appellant was not allowed to, nor did he, disclose to the seller the name of appellee as the proposed purchaser. Appellee would not allow him to do so under the terms of their agreement. As to whether the contractual relations partook of an agency or quasi partnership is not necessary to discuss.

The recovery cannot be based upon the doctrine that, as in cases of brokerage, where the broker brings to the principal a customer ready, able, and willing to purchase land upon the principal's terms, and no sale is effected, then the broker is entitled to his commission, because the failure resulted from the fault of the principal. No mutual binding contract was made here that could force specific performance. Appellant did not pretend to act for or bind the seller. The latter was not procured and brought to appellee, nor vice versa. Appellant was not the efficient cause of the sale. Brackenridge v. Claridge & Payne, 91 Tex. 527, 44 S. W. 819, 43 L. R. A. 593.

Appellee himself, so to speak, was the efficient cause of the sale. He sent appellant to the purchaser with a specific proposition to purchase the land at a definite price of $800 per front foot. That offer was declined, and appellant was told his services were no longer needed, and thereafter appellee undertook negotiations on his own behalf that resulted in the purchase at a higher price.

It is not a case where one is employed to

negotiate for the purchase of land, and to obtain an enforceable contract that will bind the seller to convey upon stipulated terms, but is simply engaging an agent to make a definite offer, and to go no further.

This proposed seller is found by the buyer, and not by the agent who was sent to procure the property at a definite price, and, failing to secure the property, his agency terminated. Beyond that, he had no legal authority to bind either the seller or the purchaser to any other contract for the sale of the land beyond the price named. Dunn v. Price, 87 Tex. 318, 28 S. W. 681.

It is not pretended appellant was acting as the agent of the seller and had the authority to handle the property as the seller's agent to bind him in any contract for the sale of the property whatever, and that he had procured a purchaser ready and able to contract, but on the contrary he was solely acting for appellant for the special purpose of purchasing the property at a named price.

We have considered all the errors raised, and find no merit in the appellant's contention, and the judgment is affirmed.